# IN RE: CHECKING ACCOUNT OVERDRAFT LITIGATION

### Creative Home Accents, LLC v. Fifth Third Bancorp, N.D. Ohio, C.A. No. 3:11–1421.

### MDL No. 2036.

United States Judicial Panel on Multidistrict Litigation.

Oct. 11, 2011.

Before JOHN G. HEYBURN II, Chairman, KATHRYN H. VRATIL, FRANK C. DAMRELL, JR. BARBARA S. JONES, PAUL G. BARBADORO, and MARJORIE O. RENDELL, Judges of the Panel.

## ORDER VACATING CONDITIONAL TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the Panel:**\* Pursuant to Rule 7.1, plaintiff and defendant Fifth Third Bancorp (Fifth Third) separately move to vacate our order conditionally transferring this action to MDL No. 2036. MDL Plaintiffs' Lead Counsel and Plaintiffs' Executive Committee oppose the motions.

After considering all argument of counsel, we will grant the motions to vacate. The Panel ordered centralization in this docket in June 2009. In the more than two years that have passed since then, we have transferred to the MDL dozens of tag-along actions brought against a multitude of different bank defendants. The transferee judge, the Honorable James Lawrence King, has been ably handling the many challenges posed by this continued influx of actions and new parties. He has organized the actions into multiple groups, and established, for each group, a detailed schedule governing the conduct of all pretrial events. The groups are in various stages of discovery, and each action has been set for trial (for those actions that can be tried in the transferee district). The judge has issued multiple substantive and thoughtful rulings on a variety of pretrial matters, including rulings on motions to dismiss, to compel arbitration, and for class certification. The litigation, in other words, is quite mature.

As we have previously noted, the relative merits of transferring new tag-along actions to an ongoing MDL can change over time as the transferee court completes its primary tasks and cases already in the centralized proceedings progress towards trial or other resolution. *See* MDL No. 1769, In re: Seroquel Prods. Liab. Litig., Order Vacating Conditional Transfer Order, at 1 (Feb. 5, 2010) (J.P.M.L. doc. no. 344). The point at which the advantages of continuing to transfer tag-along actions outweigh the disadvantages is never absolutely clear, and will necessarily vary depending on the circumstances of the particular MDL. *See id.* After a certain point, however, the benefits of transfer should not be assumed to continue. *Id.* Moreover, even when those benefits may still exist with respect to the particular tag-along action in question, the Panel must always consider the impact that transfer of that action could have on the cases already in the MDL. *See In re*

---

\* Judge W. Royal Furgeson, Jr., took no part in the disposition of this matter.

*Falstaff Brewing Corp. Antitrust Litig.*, 434 F.Supp. 1225, 1229 (J.P.M.L.1977) ("The Panel's statutory mandate is to weigh the interests of all the plaintiffs and all the defendants, and to consider multi-district litigation as a whole in light of the purposes of the law."). Based on our review of the progress of this litigation, and after consultation with Judge King, we conclude that inclusion of the *Creative Home* action in MDL No. 2036 would not promote the just and efficient conduct of the litigation, because it threatens to significantly hinder the resolution of the already-centralized actions. *See* 28 U.S.C. § 1407(a).

In reaching this conclusion, we observe that the *Creative Home* parties, as well as parties in subsequently-filed actions, should be able to avail themselves of the discovery already obtained in the MDL under Judge King's supervision (subject, of course, to the same conditions as those imposed on parties in the MDL). In addition, the presiding judge in *Creative Home* likely will find useful guidance in Judge King's many pretrial rulings. Thus, even absent transfer, many benefits of the MDL are available to expedite resolution of this and other actions.

IT IS THEREFORE ORDERED that the Panel's conditional transfer order designated as "CTO–38" is vacated insofar as it relates to this action.

